422 N.W.2d 402 (1988)
AMERICAN HARDWARE MUTUAL INSURANCE COMPANY, Plaintiff, Appellee and Cross-Appellant,
v.
NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY, Defendant, Appellant and Cross-Appellee, and
John Baumstarck, Defendant.
Civ. No. 870296.
Supreme Court of North Dakota.
April 18, 1988.
*403 Fleck, Mather, Strutz & Mayer, PC, Bismarck, for defendant, appellant and cross-appellee; argued by Kenneth J. Horner, Jr.
Pearce & Durick, Bismarck, for plaintiff, appellee and cross-appellant; argued by Jerome C. Kettleson.
LEVINE, Justice.
National Farmers Union Property and Casualty Company (Farmers Union) appeals from a judgment declaring it has the duty to defend and to pay damages recovered from its insured. We affirm.
Farmers Union insured John Baumstarck under a family car policy which excluded coverage for:
"Bodily injury or property damage arising out of the ownership, maintenance or use of any vehicle, other than your insured car, which is owned by or furnished or available for regular use by you or a relative."
Appellee American Hardware Mutual Insurance Company (American Hardware) insured Deichert Chevrolet, a vehicle dealership, under a garage liability policy.
In late October or early November of 1982, John Baumstarck contacted Deichert Chevrolet about purchasing a pickup suitable for hauling wood. Deichert Chevrolet allowed Baumstarck to use a 1978 Chevrolet pickup on a trial basis. On November 9, 1982, that pickup was involved in an accident while operated by Baumstarck's son. The driver of the other vehicle sued Baumstarck and the lawsuit was settled with American Hardware paying the settlement amount on behalf of Baumstarck.
American Hardware initiated declaratory judgment proceedings against Farmers Union. Based upon stipulated facts, depositions, records and other discovery, the trial court found:
"I.
"That the pickup truck provided to Baumstarck by Deichert Chevrolet was provided for trial use by Baumstarck.
"II.
"That such an arrangement of necessity limits the use of the vehicle as to time and use.
"III.
"That under such an arrangement, it is implied that the pickup truck be used for a reasonable time during which time Baumstarck was allowed to make a decision as to whether the vehicle should be purchased.
"IV.
"That the pickup truck provided to Baumstarck by Deichert Chevrolet was not available to Baumstarck for his regular use."
The trial court held that because the pickup was not provided for Baumstarck's regular use, the exclusion in the automobile policy *404 did not apply and Farmers Union was the primary insurer.
The sole issue is whether the trial court clearly erred in finding that Deichert Chevrolet did not furnish its pickup to Baumstarck for regular use.[1]
Farmers Union argues that because there were no restrictions on the use of the pickup, the pickup was available for regular use. Consequently, there was no coverage because of the "regular use" provision in the family car policy.
Whether a vehicle has been provided for regular use is a question of fact. Kunze v. State Farm Mutual Automobile Ins. Co., 197 N.W.2d 685 (N.D.1972). Our standard of review of a finding of fact is governed by the clearly erroneous rule. Rule 52(a), NDRCivP. While there is no precise definition of the term "regular use," in Kunze v. State Farm Mutual Insurance Automobile Ins. Co., supra, this court approved the interpretation of "regular use" found in Pacific Automobile Ins. Co. v. Lewis, 56 Cal.App.2d 597, 132 P.2d 846 (1943):
"Whether an automobile is furnished by another to an insured for his regular use may reasonably depend upon the time, place and purpose for which it is to be used. One furnished for all purposes and at all times and places would clearly be for his regular use. One furnished at all times but strictly for business purposes alone could hardly be said to have been furnished for his regular use at a time and place when it was being used for personal purposes." Kunze, 197 N.W.2d at 693.
It is well settled that a trial court may draw inferences from facts presented and may make a finding of fact based upon an inference supported by the evidence. See, e.g., Poyzer v. Amenia Seed & Grain Co., 409 N.W.2d 107 (N.D.1987).
There is evidence that Deichert Chevrolet provided the pickup to allow Baumstarck to decide whether he wanted to buy it. The trial court found that implicit in the arrangement between Deichert Chevrolet and Baumstarck were reasonable restrictions on time and use of the pickup. From those implications the trial court determined that the pickup was not furnished or available for regular use. The trial court could reasonably infer that the use of the pickup was restricted to what was reasonably necessary for Baumstarck to decide whether the vehicle would suit his purposes and to a time period of reasonable duration to make the decision. Reasonable inferences from the evidence in the record support the finding that the pickup was not available or furnished for regular use. We conclude that the trial court's finding is not clearly erroneous.
Farmers Union also contends that the trial court erred in ruling as a matter of law that trial use of a vehicle is not regular use and that the trial court erred in failing to decide the case upon the facts presented. We disagree. Trial use is a question of fact from which inferences may be properly drawn. The trial court did not make a legal conclusion when it found that the pickup loaned to Baumstarck for test driving was not furnished or available for regular use. Its decision rested on the facts and inferences drawn from those facts.
We find support for our analysis and result in Truck Ins. Exchange v. Wilshire Ins. Co., 8 Cal.App.3d 553, 87 Cal.Rptr. 604 (1970). In that case, an insured test-drove a vehicle for two weeks. There was an oral agreement to purchase the car. In a lawsuit arising from the accident involving the vehicle, the California appellate court, relying on Pacific Auto. Ins., supra, held that from the "very nature" of the arrangement, the trial court could reasonably infer that the use was for a limited period of time, restricted to a reasonable geographical area, and for a limited purpose. Truck Ins. Exchange, 87 Cal.Rptr. at 609.
Farmers Union argues that the absence of express limitations on the pickup's use should make applicable the rule in Highlands Ins. Co. v. Universal Underwriters, 92 Cal.App.3d 171, 154 Cal.Rptr. 683 (1979). *405 In Highlands, the insured had driven a car for six weeks when he had an accident. The insured had orally agreed to purchase the car for a specific price but was awaiting the arrival of special tires. The court held that the car was "furnished for regular use" and distinguished Truck Ins. Exchange on the basis of the reasonable inferences of limitations on the time, geographical area, and purpose of the use of the vehicle in Truck Ins. Exchange.
We believe test-driving a vehicle on loan from a dealer for a week or so before deciding to buy it more closely approximates the circumstances in Truck Ins. Exchange and supports an inference that Baumstarck's trial use of the pickup was restricted.
The purpose of an exclusion of coverage for cars regularly used is to provide coverage for occasional or incidental use of other cars without the payment of an additional premium, but to exclude coverage for the habitual use of other cars, which would increase the risk of the insurer without a corresponding increase in the premium. 12A Couch on Insurance 2d § 45:1074 (1981). The exclusion obviates the use of two or more vehicles interchangeably when only one of the vehicles is insured. Id. Baumstarck's trial use of Deichert Chevrolet's pickup was incidental, rather than habitual, and would not ordinarily so increase the risk of the insurer as to warrant an increased premium.
The judgment is affirmed.
ERICKSTAD, C.J., and GIERKE, VANDE WALLE and MESCHKE, JJ., concur.
NOTES
[1] Although American Hardware cross-appealed, we need not consider the cross-appeal because of our disposition of the issue on appeal.