# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 53

Pioneer State Mutual Insurance Company,      Plaintiff and Appellant

     v.

Bear Creek Gravel Inc.; Pat and Delores Anderson;
and Mary L. Miller, deceased, through her
known Heirs Richard Miller, Sarah
Miller Wohl, Jay Miller, and Betsey
Seter a/k/a/ Betsy Seter,      Defendants and Appellees

     and

Auto-Owners Insurance Company; Ty Kirby,
AAA Insurance;      Defendants

## No. 20200170

Appeal from the District Court of Ransom County, Southeast Judicial District,
the Honorable Mark T. Blumer, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Jonathon F. Yunker, Devils Lake, ND, for plaintiff and appellant.

Michael J. Morley (argued) and Victoria A. Thoreson (appeared), Grand Forks,
ND, for defendents and appellees Bear Creek Gravel Inc.; and Pat and Delores
Anderson.

Kellen B. Bubach (argued) and Daniel J. Dunn (appeared), Fargo, ND, for
defendants and appellees Mary L. Miller, deceased, through her known Heirs
Richard Miller, Sarah Miller Wohl, Jay Miller, and Betsey Seter a/k/a/ Betsy
Seter.

**Crothers, Justice.**

[¶1]  Pioneer State Mutual Insurance Company appeals from a declaratory judgment finding the automobile policy issued by Pioneer to Ty Kirby provided insurance coverage. We affirm.

I

[¶2]  On April 24, 2017, Kirby was involved in a motor vehicle accident with Mary Miller. Kirby was driving a 2002 Dodge Ram owned by his employer, Bear Creek Gravel, Inc. One of Kirby's co-workers had forgotten his lunch and Kirby instructed him to meet him at the intersection of two nearby highways where Kirby would bring him a sandwich. After purchasing the sandwich, filling the 2002 Dodge Ram with fuel, and delivering the sandwich to his co-worker, Kirby began crossing the intersection. Kirby proceeded through the intersection and collided with Miller, who died as a result of the collision.

[¶3]  Miller's heirs sued Kirby, alleging he was negligent in the operation of the company owned 2002 Dodge Ram. Kirby's personal automobile insurer, Pioneer, initiated a declaratory judgment action seeking to deny liability coverage to Kirby for the Miller's wrongful death claim.

[¶4]  Kirby purchased an automobile insurance policy from Pioneer effective from April 1, 2017 to October 1, 2017. The policy covered Kirby even if he was driving a vehicle he did not own. However, the policy excluded coverage for any vehicle "furnished or available for [Kirby's] regular use." The regular use exclusion is the basis for Pioneer's denial of liability coverage for the accident.

[¶5]  A bench trial was held on March 12, 2020. The district court found the "regular use" exclusion did not apply to the accident because Bear Creek Gravel imposed restrictions on Kirby's use of the 2002 Dodge Ram. The court ordered Pioneer to provide Kirby coverage for the April 24, 2017 accident.

## II

[¶6] Pioneer appears to argue the district court erred as a matter of law in defining the term "regular use." However, Pioneer ultimately acknowledges that whether a vehicle has been provided for regular use is a question of fact. *Am. Hardware Mut. Ins. Co. v. Nat'l Farmers Union Prop. & Cas.*, 422 N.W.2d 402, 404 (N.D. 1988). Because the district court made factual findings whether the 2002 Dodge Ram was provided for Kirby's regular use, this Court determines whether the findings were clearly erroneous. *See id.* A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made. *Stoddard v. Singer*, 2021 ND 23, ¶ 6, 954 N.W.2d 696.

[¶7] This Court has not precisely defined "regular use." But we have recognized reasonable time and place restrictions on the use of a vehicle *could* lead to finding a vehicle was not furnished for a person's regular use. *See Am. Hardware*, 422 N.W.2d at 404; *Kunze v. State Farm Mut. Auto. Ins. Co.*, 197 N.W.2d 685, 694 (N.D. 1972).

[¶8] In *American Hardware*, this Court addressed the phrase "furnished for regular use" as it related to a customer's trial use of an automobile dealership's pickup. *Am. Hardware*, at 403. The district court found the customer-dealership agreement for use of the pickup had implicit restrictions on time and use. *Id.* at 404. The court determined the pickup was not furnished for the customer's regular use. *Id.* This Court concluded the decision was not clearly erroneous, explaining that evidentiary inferences about time and place restrictions reasonably provided a basis for the district court to find the pickup was not furnished for the customer's regular use. *Id.*

[¶9] Pioneer relies on *Kunze* to argue the district court was required to find the 2002 Dodge Ram was provided for Kirby's regular use. Specifically, Pioneer cites the following from *Kunze*:

2

> "Whether an automobile is furnished by another to an insured for his regular use may reasonably depend upon the time, place and purpose for which it is to be used. One furnished for all purposes and at all times would clearly be for his regular use. One furnished at all times but strictly for business purposes alone could hardly be said to have been furnished for his regular use at a time and place when it was being used for personal purposes."

*Kunze*, 197 N.W.2d at 693. According to Pioneer, because the 2002 Dodge Ram was furnished for business purposes and was being used strictly for business purposes at the time of the accident, the court was required to find the vehicle was furnished for Kirby's regular use. We disagree. In *Kunze* this Court quoted several cases with conflicting definitions and tests for regular use. *Id.* at 689-94. Because of the conflicting nature of those cases, at best *Kunze* serves to affirm that a finding of regular use is factual. *See id.* at 694 (explaining it was well within jury's province to decide whether vehicle was furnished for regular use).

[¶10] Here, the district court concluded the 2002 Dodge Ram was not furnished for Kirby's regular use because several restrictions existed for Kirby's use of the vehicle. The testimony from Kirby and the owners of Bear Creek Gravel, Pat and Delores Anderson, was that the 2002 Dodge Ram was not furnished for Kirby's use at all times. Kirby also testified that he needed permission from the Andersons to drive the 2002 Dodge Ram, and that he was not allowed to drive the vehicle while off duty. Kirby did not have his own set of keys to the vehicle. Pat Anderson testified Kirby could not use the vehicle without permission and Kirby did not use the vehicle on weekends or during the evening. The testimony was not disputed. It is well-settled that a trial court may draw inferences from facts presented and make a finding based on an inference supported by the evidence. *Am. Hardware*, 422 N.W.2d at 404. Here, evidence and inferences about restrictions on Kirby's utilization of the vehicle support the district court's decision the regular use exclusion did not apply. Therefore, the district court's decision on Kirby's use was not clearly erroneous.

## III

[¶11] We affirm the declaratory judgment.

[¶12] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Allan L. Schmalenberger, S.J.

[¶13] The Honorable Allan L. Schmalenberger, S.J., sitting in place of VandeWalle, J., disqualified.